# IN THE SUPREME COURT OF TEXAS

No. 10-0145

G & H TOWING COMPANY, ET AL., PETITIONERS,

v.

CORY WAYNE MAGEE, ET AL., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

**PER CURIAM**

This summary judgment appeal involves an employer's liability for a tragic vehicular accident involving one of its employees. At the time of the accident, the employee had left work and was driving a personal vehicle that he borrowed from a co-worker. The representatives of the decedent-occupants of the other vehicle sued the employer, alleging negligence, negligent hiring, and negligent entrustment. These plaintiffs also sued the co-worker, alleging negligent entrustment, and the employee, alleging negligence. Both the employer and the co-worker obtained summary judgments, which after severance orders, the plaintiffs appealed.

The court of appeals affirmed the co-worker's summary judgment, concluding that as a matter of law the co-worker had not negligently entrusted his vehicle to the other employee. 312 S.W.3d 807, 809, 812 (Tex. App.—Houston [1st Dist.] 2009). The court of appeals, however, reversed the employer's summary judgment because its summary judgment motion did not

specifically address one of the plaintiffs' claims: the claim that the employer was vicariously liable for its agent's (the co-worker's) negligent entrustment. *Id.* at 810–11. Concluding that the employer's summary judgment granted more relief than requested, the court remanded the case against the employer without considering the plaintiffs' other claims or the employer's related grounds for summary judgment. *Id.* at 813.

Because an employer cannot be vicariously liable in tort when its agent or employee has not engaged in tortious conduct, we conclude that the court of appeals erred in remanding the vicarious liability claim while simultaneously holding that the employee had not committed a tort. We reverse the court of appeals' judgment and remand the cause to that court for consideration of the other grounds for summary judgment.

William Colson and Joseph Violante were employed by G&H Towing as tugboat quartermasters. They worked on the same tugboat, but they were on different schedules. One would work for several days and then be relieved by the other, who then worked for a similar period. Because the tugboats did not have a regular route that allowed each man to return to the place he began his shift, the men would loan their personal vehicles to one another to drive home at the end of a shift. Whether G&H required or endorsed this practice was disputed.

As was their custom, Violante borrowed Colson's vehicle at the end of one shift and drove himself home. Some time later, Violante drove Colson's vehicle to a bar at which he became inebriated. After leaving the bar, Violante was involved in a collision that killed Douglas and Lois Magee. Violante was subsequently convicted of intoxication manslaughter.

The Magees' adult children (the Magees) sued Violante, Colson, G&H Towing, and others connected to the bar, asserting theories of negligence, negligent hiring, and negligent entrustment. The claims against G&H were both direct and vicarious. Regarding the latter, the Magees asserted that G&H was vicariously liable for Colson's negligent entrustment of his vehicle to Violante because Colson was acting as G&H's employee and agent at the time. The Magees further asserted that Colson had a duty to make inquiry about Violante's competence as a driver because G&H had a company policy of checking the driving records of employees who would be driving in the course of their employment.

G&H Towing filed a motion for summary judgment, which the trial court granted, rendering an interlocutory take-nothing summary judgment. The Magees thereafter moved to sever their claims against G&H from the remainder of the case, and the trial court granted the motion making the summary judgment a final, appealable order. Colson also filed a motion for summary judgment, which the trial court similarly granted and then severed, making Colson's take-nothing summary judgment final. The Magees appealed both summary judgments.

The Magees moved to consolidate their two appeals, but the court of appeals denied the motion. The court also declined to hear oral argument in either case. G&H contended on appeal that its motion for summary judgment encompassed the issue of its vicarious liability for Colson's actions. In the alternative, G&H urged that even if its motion omitted this issue, the trial court's error in granting final summary judgment on the omitted issue was nevertheless harmless because of the court's determination that Colson had not negligently entrusted his vehicle to Violante. G&H

3

reasoned that if Colson did not negligently entrust his vehicle, G&H could not be vicariously liable for negligent entrustment.

Although the appeals remained separate, the court discussed their respective merits in a single opinion. 312 S.W.3d at 809. In separate judgments, the court affirmed Colson's take-nothing summary judgment but reversed and remanded the summary judgment favoring G&H Towing. *Id.* at 813.

The court of appeals concluded that the trial court correctly granted Colson's no-evidence summary judgment because there was no evidence of at least one element of the Magees' negligent entrustment claim against him. *Id*. at 812. The court accordingly affirmed Colson's summary judgment, and the Magees have not appealed that judgment.

The court further concluded that the trial court had erred in rendering a take-nothing summary judgment in favor of G&H Towing because G&H's motion for summary judgment failed to address the Magees' claim that G&H was vicariously liable for Colson's negligent entrustment of his vehicle to Violante. *Id*. at 810–11. G&H's summary judgment motion addressed its direct responsibility for allegedly entrusting the vehicle to Violante, but the motion did not also address its alleged vicarious liability for Colson's negligent entrustment. Because of this omission, the court of appeals held the motion to be "legally insufficient as a matter of law in regard to that ground." *Id*. at 811 (citing *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337, 342 (Tex. 1993)). The court, with one justice dissenting, reversed the summary judgment and remanded the cause without considering the other grounds raised in the motion for summary judgment. *Id.* at 813.

4

G&H Towing again argues here that any error in granting summary judgment on this vicarious liability claim was harmless in light of the court's conclusion that there was no evidence to support the Magees' negligent entrustment claim against Colson. Generally, a master is vicariously liable for the torts of its servants committed in the course and scope of their employment. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 617 (Tex. 1999). But having concluded as a matter of law that its alleged agent, Colson, did not commit the tort of negligent entrustment, G&H submits that the trial court's error is harmless and that remanding the vicarious liability claim is a meaningless gesture because its liability is derivative of Colson's. *See Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805, 807 n.2 (Tex. 1980) (noting "that where the employer's liability rests solely on respondeat superior, an adjudication acquitting the employee of negligence will [bar] a subsequent suit against the employer").

The purpose of a summary judgment is to "provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex. 1962). Summary judgments, however, may only be granted upon grounds expressly asserted in the summary judgment motion. TEX. R. CIV. P. 166a(c); *see also McConnell*, 858 S.W.2d at 341 (holding that a motion for summary judgment must expressly present grounds on which it is made). Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam).

Several appellate courts have recognized a limited exception to this general rule. These courts have affirmed summary judgments, even though the underlying motion omitted one of

5

multiple causes of action, when the omitted ground was intertwined with, and precluded by, a ground addressed in the motion. *See, e.g.*, *Zarzosa v. Flynn*, 266 S.W.3d 614, 621 (Tex. App.—El Paso 2008, no pet.) (holding reversal would be meaningless because questioned recovery precluded as a matter of law); *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38 (Tex. App.—Texarkana 1999, pet. denied) (same); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754–55 (Tex. App.—San Antonio 1998, no pet.) (same); *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied) (same). One authority states the exception as follows: "If the defendant has conclusively disproved an ultimate fact or element which is common to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action, the summary judgment may be affirmed." TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 3.06[3] at 3-20 (3d ed. 2010) (collecting cases).

Although the court of appeals did not apply this exception here, it has previously recognized it. In fact, a different panel of the court surveyed the Texas decisions discussing this limited exception and wrote the following just a few months before the decision in this case:

> [S]ome courts of appeals, including our own, have recognized a very limited exception to the general rule. Although the exception's application has been expressed in various ways, it can be reduced to two: (1) when the movant has conclusively proved or disproved a matter (usually corresponding to a claim's element or to an affirmative defense) that would also preclude the unaddressed claim as a matter of law or (2) when the unaddressed claim is derivative of the addressed claim, and the movant proved its entitlement to summary judgment on that addressed claim. For the exception to apply, this Court has always required a very tight fit between what was proved or disproved in the motion and what elements the unaddressed claim, as it was alleged, required: otherwise, the exception could swallow the rule.

6

*Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (internal footnotes omitted).

The harmless error rule states that before reversing a judgment because of an error of law, the reviewing court must find that the error amounted to such a denial of the appellant's rights as was reasonably calculated to cause and probably did cause "the rendition of an improper judgment," or that the error "probably prevented the appellant from properly presenting the case [on appeal]." TEX. R. APP. P. 44.1(a). The rule applies to all errors. *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 819–20 (Tex. 1980). Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, we agree that the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case. *See, e.g.*, *Withrow*, 990 S.W.2d at 437–38 (affirming summary judgment on cause of action not specifically addressed in movant's motion where reversing the summary judgment would be meaningless because omitted cause of action was precluded as a matter of law); *cf. Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex. 1996) (holding that wrongful denial of jury trial is harmful error only when the case contains a question of material fact). The undisputed facts and Colson's final judgment establish that Colson did not negligently entrust his vehicle. G&H therefore cannot have vicarious liability for negligent entrustment because its agent did not commit the tort.

When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable. *See Bandera Elec. Coop. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex. 1997) (per curiam). The court of appeals should treat such a summary judgment as any other final judgment, considering all matters

7

raised and reversing only those portions of the judgment based on harmful error. *Page v. Geller*, 941 S.W.2d 101, 102 (Tex. 1997) (per curiam).  Because the court of appeals did not follow this procedure, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to that court for further proceedings. *See* TEX. R. APP. P. 59.1.

Opinion Delivered: August 26, 2011